IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

**COPY**
Original Received

**FEB 16 2006**

**Clerk of the Trial Court**

JOHN C EADS, d/b/a, ROBERT
J & BARGE CO.,                     )
                                   )
          Plaintiff,               )
                                   )
          vs.                      )
                                   )        Case No:
FEDERAL INSURANCE COMPANY,         )
                                   )
          Defendants.              )
_____)

## COMPLAINT

COMES NOW, John C Eads, d/b/a Robert J & Barge Co., the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

1.    Defendant is, and at all times herein mentioned was, a corporation domiciled in Indiana, which has been issued a Certificate of Authority (No. 310) to transact business in this state as a marine insurer.

2.    Defendant has operated under Certificate of Authority No. 310, issued by the State of Alaska, since 1950, and has transacted business in Alaska since that date.

3.    Plaintiff is, and at all times herein mentioned was, a resident of Alaska, and was domiciled in, and operated a business with its main offices in, Seward, Alaska, within the Third Judicial District of Alaska.

ISAAC DEREK ZOREA
Attorney at Law
P.O. Box 210434
Anchorage, AK 99521
Ph: (907) 677-3779  Fax: (907) 644-2802

COMPLAINT

PAGE - 1 -

Exhibit A Page 1 of 6

4.    The proper venue for this case is the Third Judicial District for Alaska.

FACTUAL BACKGROUND FOR CLAIMS

5.    On or about April 6, 2003, defendant issued to plaintiff a marine insurance policy, No. 7319417, (the "Policy") a copy of which is attached hereto as Exhibit A, and made a part hereof by reference.  The policy took effect on April 6, 2003, and was in full force and effect at all pertinent times hereinafter mentioned.

6.    On or about August 8, 2003, defendant issued to plaintiff an endorsement No.2 (the "Endorsement") to marine policy, No. 7319417, a copy of which is attached hereto as Exhibit B, and made a part hereof by reference. The endorsement No. 2, which took effect on August 8, 2003, covered the M/V Helen A, and was in full force and effect at all pertinent times hereinafter mentioned.

7.    By way of Endorsement No. 2, the Policy insured plaintiff against all "Perils, Losses and Misfortunes that have or shall come to the Hurt, Detriment or Damage of the Vessel, or any part thereof," during the period from August 8, 2003, to April 6, 2004, not to exceed the amount of $50,000.00.

8.    On or about August 13, 2003, plaintiff's vessel, M/V Helen A was completely destroyed by a storm while heading toward Kuskokwin Bay, Alaska.  Prior to the vessel Helen A sinking on August 13, 2003, crew members

COMPLAINT

Exhibit ___A___ Page ___2___ of ___6___

aboard the vessel struggled for over twelve hours to stabilize the vessel and pump water from the vessel. On or about midnight on the 13th day of August, 2003.

9.    Plaintiff sustained property loss, covered by the policy, as a result of the storm, in the amount exceeding $350,000.00.

10.   On or about August 14, 2003, in accordance with the terms of the insurance policy, plaintiff submitted to defendant due proof of loss for the boat, and its contents, covered by the insurance policy.

11.   Plaintiff has performed all conditions of the policy required to be performed on his part.

12.   Despite plaintiff's repeated demands, defendant has refused and continues to refuse to pay benefits under the terms of the marine insurance policy.

<u>Insurer's Breach of Duty of Good Faith</u>

13.   Defendant breached the implied covenant of good faith and fair dealing under the policy by failing to adequately investigate plaintiff's claim under the policy, refusing to interview the crew aboard the M/V Helen A, and refusing plaintiff's requests for evidence justifying the denial of its claim.

14.   Defendant breached the implied covenant of good faith and fair dealing under the policy by unreasonably denying plaintiff's claim without proper cause

COMPLAINT

Exhibit __A__ Page __3__ of __6__

1  in that defendant refused to process plaintiff's claim,
2  and instead coerced plaintiff to accept an amount less
3  than the policy limits by threatening to fight the claim
4  in court, unless plaintiff accept a lesser amount than
5  the policy limits permitted.

6      15.  Defendant breached the implied covenant of good
7  faith and fair dealing under the policy by failing to pay
8  plaintiff's claim without properly investigating
9  plaintiff's claim and without a reasonable basis for such
10  conduct.

11      16.  Defendant breached the implied covenant of good
12  faith and fair dealing, and acted in bad faith toward
13  plaintiff when it acted unreasonably, without reasonable
14  basis, and in reckless disregard of its lack of
15  reasonable basis for denying plaintiff's claim.

16      17.  As a proximate result of defendant's wrongful
17  failure to pay benefits under the policy, plaintiff has
18  suffered damages in the sum of $50,000.00, for the loss
19  of its M/V Helen A, together with interest thereon at the
20  legal rate from the date that payment should have been
21  made under the terms of the policy until it is paid.

22      18.  As a proximate result of defendant's wrongful
23  failure to pay benefits under the policy, plaintiff has
24  suffered consequential damages, in the sum exceeding
25  $100,000.00, for the loss to plaintiff's business because
26  of plaintiff's inability to replace the M/V Helen A, and
27  pay business expenses required to expand his business.
28  COMPLAINT

PAGE  - 4 -

Exhibit __A__ Page __4__ of __6__

19.  As a further proximate result of defendant's breach of its duty of good faith and fair dealing, plaintiff has sustained severe emotional and mental distress and anguish, to his general damage in the sum exceeding $100,000.00.

20.  The aforementioned acts of defendant were willful and malicious in that defendant's conduct was intended to cause injury to plaintiff, emotionally or economically, and carried on with a conscious disregard for plaintiff's rights, with the intent to coerce a claim settlement below the limits on this policy, thereby warranting the assessment of exemplary and punitive damages against defendant Federal Insurance Company, in an amount appropriate to punish defendant and set an example for others.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1.  For the sum of $40,000.00, representing the total amount of benefits due under the marine insurance policy, together with interest thereon at the legal rate from August 13, 2003;

2.  For consequential damages proximately caused by defendant's breach of its duty of good faith and fair dealing in an amount within the jurisdictional threshold, with exact amount to be established at trial;

COMPLAINT

PAGE - 5 -

Exhibit ___A___ Page __5__ of __6__

1      3.   For general damages for emotional distress and
2  mental suffering in an amount within the jurisdictional
3  threshold, with exact amount to be established at trial;
4      4.   For exemplary and punitive damages in an amount
5  appropriate to punish defendant and set an example to
6  others, with exact amount to be established at trial;
7      5.   For costs of suit herein incurred, and attorney
8  fees pursuant to Alaska Rule Civil Procedure 82;
9      6.   For such other and further relief as the court
10  may deem proper.

11

12

13  Dated: February 16, 2005.

Respectfully submitted,

ISAAC DEREK ZOREA
ABA NO.  0011090
Attorney for Plaintiff

Attached:

Exhibit A
Exhibit B

28  COMPLAINT