Randall J. Weddle, Esq.
HOLMES WEDDLE & BARCOTT, P.C.
701 W. 8th Avenue, Suite 700
Anchorage, AK 99501
Phone: 907-274-0666
Fax:   907-277-4657
Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN C. EADS, d/b/a, ROBERT J. & BARGE CO., <br>     Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, <br>     Defendant. | ) ) ) ) ) ) ) ) ) ) Case No.: 3:06-CV-149 (TMB) |

**ANSWER**

COMES NOW Defendant, Federal Insurance Company, by and through its attorneys of record, Holmes Weddle & Barcott, and to answer Plaintiff's Complaint, admits, denies, and alleges as follows:

1-2. Federal Insurance Company admits that it is an Indiana Corporation with its principle place of business in New Jersey and is and has been authorized to operate as an insurer in Alaska since 1950. Federal Insurance Company ("Federal") operates in Alaska under Certificate of Authority F-310. Except as so stated, all remaining allegations are denied.

3.   Federal lacks sufficient information upon which to form a belief as to the truth of the allegations stated in paragraph 3 of the complaint and, therefore, denies them.

4.   Federal denies the allegations stated in paragraph 4 of the complaint.

5.   Federal admits the allegations in paragraph 5 of the complaint.

6.   Federal admits the allegations in paragraph 6 of the complaint.

7.   Federal admits that the insurance policy for the M/V HELEN A was originally in effect from August 8, 2003, until April 6, 2004, and that the policy limits for that endorsement were $50,000.  As to the remaining allegations contained in paragraph 7, the policy speaks for itself.

8.   Federal lacks sufficient information upon which to form a belief as to the truth of the allegations stated in paragraph 8 of the complaint and, therefore, denies them.

9-11.   Federal denies the allegations stated in paragraphs 9-11 of the complaint.

12.  In response to the allegations contained in paragraph 12, Federal admits that there was and is no coverage for Plaintiff's claims based on exclusions in the policy and the Plaintiff's failure to satisfy the express and implied conditions contained in the insuring agreement,

including the requirements of due diligence and seaworthiness. Except as so stated, Federal denies the remaining allegations in paragraphs 12 of the complaint.

13-20.  Federal denies the allegations stated in paragraphs 13-20 of the complaint.

## **AFFIRMATIVE DEFENSES**

Having, thus, expressed its Answer to the allegations in the Complaint, Defendant Federal states the following as its Affirmative Defenses:

1.  Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own actions and failure to mitigate or minimize his alleged damages, thus, barring or diminishing Plaintiff's recovery in this action.

2.  All actions taken by Defendant were reasonable and appropriate.

3.  Plaintiff's damages, if any, were legally and proximately caused by the negligence, fault, or conduct of persons or entities other than Defendant, over whom Defendant had no control and for whose acts Defendant is not legally responsible.  Said persons or entities include Plaintiff, current or former agents or employees thereof, other parties to this litigation, and non-parties.  Plaintiff's claims are barred or must be reduced by the percentage of fault attributed to such other persons or entities.

4.   Defendant reserves the right to bring further and necessary third-party complaints or counterclaims, as the facts and discovery may warrant.

5.   The Defendant asserts that investigation and discovery may reveal that this lawsuit or some of the claims brought thereunder may be frivolous and/or in violation of Rule 11 or abuse of process, and the Defendant reserves the right to seek affirmative relief as permitted by Rule 11.

6.   Plaintiff's recovery is barred, in whole or in part, by Plaintiff's breach of various insurance policy provisions including the perils clause and the additional perils clause.

7.   Plaintiff's recovery is barred, in whole or in part, by the breach of the implied warranty of seaworthiness and/or the absolute warranty of seaworthiness.

8.   Plaintiff's recovery is barred, in whole or in part, because the losses suffered were excluded by the policy's provisions.

9.   Plaintiff's recovery is barred, in whole or in part, by the existence of patent defects on the vessel.

10.  Plaintiff's recovery is barred, in whole or in part, by the owner and/or agent's failure to exercise due diligence in violation of the policy and maritime law.

11. Based upon additional investigation, further affirmative defenses may become apparent, and Defendant reserves its right to amend this answer as appropriate. Defendant preserves, and does not waive, any of the affirmative defenses set forth in FRCP 12, or any other matter constituting an avoidance or affirmative defense, as discovery may reveal to be applicable.

**PRAYER FOR RELIEF**

Having, thus, stated its Answer to the Complaint and its Affirmative Defenses, Defendant, Federal Insurance Company, requests the Court to grant the following relief:

1. Entry of order dismissing, with prejudice, all claims asserted against it in the Complaint;

2. For all costs, expenses, and attorneys' fees incurred in connection with the defense of the Complaint;

3. For such other and further relief as this Court may deem just and proper.

DATED this 27th day of June 2006.

        HOLMES WEDDLE & BARCOTT, P.C.
        Attorneys for Defendant

        By: s/ Randall J. Weddle
          Randall J. Weddle
          701 West 8th Avenue, Ste 700
          Anchorage, Alaska 99501
          Phone: (907) 274-0666
          Fax: (907) 277-4657
          Rweddle@anc.hwb-law.com
          Alaska Bar No. 7206034

I hereby certify that on June 27, 2006, a true and correct copy of Defendant Federal Insurance Company's Answer was served electronically on:

Isaac Derek Zorea, Esq.
P.O. Box 210434
Anchorage, AK 99521


By: <u>s/ Randall J. Weddle</u>
    Randall J. Weddle

X:\4810\20950\pld\Answer--06June27.doc