FILED
06 FEB 15 PM 4:45
BY: [signature] DEPUTY CLERK

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

JOHN C EADS, d/b/a, ROBERT J & BARGE CO.,

Plaintiff,

vs.

FEDERAL INSURANCE COMPANY,

Defendants.

Case No: 3AN-06 5312CI

COMPLAINT

COMES NOW, John C Eads, d/b/a Robert J & Barge Co., the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

1. Defendant is, and at all times herein mentioned was, a corporation domiciled in Indiana, which has been issued a Certificate of Authority (No. 310) to transact business in this state as a marine insurer.

2. Defendant has operated under Certificate of Authority No. 310, issued by the State of Alaska, since 1950, and has transacted business in Alaska since that date.

3. Plaintiff is, and at all times herein mentioned was, a resident of Alaska, and was domiciled in, and operated a business with its main offices in, Seward, Alaska, within the Third Judicial District of Alaska.

ISAAC DEREK ZOREA
Attorney at Law
P.O. Box 210434
Anchorage, AK 99521
Ph: (907) 677-3779 Fax: (907) 644-2802

4. The proper venue for this case is the Third Judicial District for Alaska.

FACTUAL BACKGROUND FOR CLAIMS

5. On or about April 6, 2003, defendant issued to plaintiff a marine insurance policy, No. 7319417, (the "Policy") a copy of which is attached hereto as Exhibit A, and made a part hereof by reference. The policy took effect on April 6, 2003, and was in full force and effect at all pertinent times hereinafter mentioned.

6. On or about August 8, 2003, defendant issued to plaintiff an endorsement No.2 (the "Endorsement") to marine policy, No. 7319417, a copy of which is attached hereto as Exhibit B, and made a part hereof by reference. The endorsement No. 2, which took effect on August 8, 2003, covered the M/V Helen A, and was in full force and effect at all pertinent times hereinafter mentioned.

7. By way of Endorsement No. 2, the Policy insured plaintiff against all "Perils, Losses and Misfortunes that have or shall come to the Hurt, Detriment or Damage of the Vessel, or any part thereof," during the period from August 8, 2003, to April 6, 2004, not to exceed the amount of $50,000.00.

8. On or about August 13, 2003, plaintiff's vessel, M/V Helen A was completely destroyed by a storm while heading toward Kuskokwin Bay, Alaska. Prior to the vessel Helen A sinking on August 13, 2003, crew members

aboard the vessel struggled for over twelve hours to stabilize the vessel and pump water from the vessel. On or about midnight on the 13th day of August, 2003.

9. Plaintiff sustained property loss, covered by the policy, as a result of the storm, in the amount exceeding $350,000.00.

10. On or about August 14, 2003, in accordance with the terms of the insurance policy, plaintiff submitted to defendant due proof of loss for the boat, and its contents, covered by the insurance policy.

11. Plaintiff has performed all conditions of the policy required to be performed on his part.

12. Despite plaintiff's repeated demands, defendant has refused and continues to refuse to pay benefits under the terms of the marine insurance policy.

## Insurer's Breach of Duty of Good Faith

13. Defendant breached the implied covenant of good faith and fair dealing under the policy by failing to adequately investigate plaintiff's claim under the policy, refusing to interview the crew aboard the M/V Helen A, and refusing plaintiff's requests for evidence justifying the denial of its claim.

14. Defendant breached the implied covenant of good faith and fair dealing under the policy by unreasonably denying plaintiff's claim without proper cause

in that defendant refused to process plaintiff's claim, and instead coerced plaintiff to accept an amount less than the policy limits by threatening to fight the claim in court, unless plaintiff accept a lesser amount than the policy limits permitted.

15. Defendant breached the implied covenant of good faith and fair dealing under the policy by failing to pay plaintiff's claim without properly investigating plaintiff's claim and without a reasonable basis for such conduct.

16. Defendant breached the implied covenant of good faith and fair dealing, and acted in bad faith toward plaintiff when it acted unreasonably, without reasonable basis, and in reckless disregard of its lack of reasonable basis for denying plaintiff's claim.

17. As a proximate result of defendant's wrongful failure to pay benefits under the policy, plaintiff has suffered damages in the sum of $50,000.00, for the loss of its M/V Helen A, together with interest thereon at the legal rate from the date that payment should have been made under the terms of the policy until it is paid.

18. As a proximate result of defendant's wrongful failure to pay benefits under the policy, plaintiff has suffered consequential damages, in the sum exceeding $100,000.00, for the loss to plaintiff's business because of plaintiff's inability to replace the M/V Helen A, and pay business expenses required to expand his business.

19. As a further proximate result of defendant's breach of its duty of good faith and fair dealing, plaintiff has sustained severe emotional and mental distress and anguish, to his general damage in the sum exceeding $100,000.00.

20. The aforementioned acts of defendant were willful and malicious in that defendant's conduct was intended to cause injury to plaintiff, emotionally or economically, and carried on with a conscious disregard for plaintiff's rights, with the intent to coerce a claim settlement below the limits on this policy, thereby warranting the assessment of exemplary and punitive damages against defendant Federal Insurance Company, in an amount appropriate to punish defendant and set an example for others.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For the sum of $40,000.00, representing the total amount of benefits due under the marine insurance policy, together with interest thereon at the legal rate from August 13, 2003;

2. For consequential damages proximately caused by defendant's breach of its duty of good faith and fair dealing in an amount within the jurisdictional threshold, with exact amount to be established at trial;

3. For general damages for emotional distress and mental suffering in an amount within the jurisdictional threshold, with exact amount to be established at trial;

4. For exemplary and punitive damages in an amount appropriate to punish defendant and set an example to others, with exact amount to be established at trial;

5. For costs of suit herein incurred, and attorney fees pursuant to Alaska Rule Civil Procedure 82;

6. For such other and further relief as the court may deem proper.

Dated: February 16, 2005.

Respectfully submitted,

ISAAC DEREK ZOREA
ABA NO. 0011090
Attorney for Plaintiff

Attached:

Exhibit A
Exhibit B

# SUBSCRIPTION POLICY

HULL & MACHINERY/ PROTECTION & INDEMNITY

In consideration of the premium as hereafter stated, the subscribers hereto, severally, but not jointly, do hereby cause to be insured, for the amounts and set opposite their respective names:

Assured: Robert J. & Barge Co.

For account of: THEMSELVES

Loss, if any, payable to (Hull, & Machinery) See Schedule

Upon: Per attached vessel schedule

For an amount of Hull, Machinery: Per attached vessel schedule Valued at: Per attached vessel schedule

Limit Of Liability: $250,000.00 Any One Accident Or Occurrence Protection and Indemnity Insurance

From: April 6, 2003 Noon PST To: April 6, 2004 Noon PST

Deductibles: Hull & Machinery: $ 10,000.00 Liability (P&I) Insurance: $ 5,000.00 BI
$10,000.00 PD

Trading Warranty: Warranted confined to the waters of the Bering Sea, Gulf of Alaska, Pacific Ocean, Puget Sound and tributaries thereto but not South of Seattle North of 68 degrees North latitude and/or held covered at an additional premium to be agreed.

Lay-Up Warranty: December 1st to March 1st

Crew Warranty: See Schedule

Conditions: Vessel Schedule, Pacific Coast Tug and Barge Form (1979), SP-23, P.I.S. Forms 002A, 002B,003B, 008,024,033 & Endorsement No. 1

Totals Insured Hull, Mach: $335,000.00 Liabiiity (P&I) Insurance $250,000.00

*All subject to terms and conditions of the forms and endorsements referred to herein and attached hereto.*

Exhibit A

Cancellation Clause: Either party may cancel this policy giving thirty (30) days notice in writing. If canceled at request of the Assurers, pro rata daily returns to be made If cancelled at request of the Assured, short rate daily returns to be made. IT IS UNDERSTOOD AND AGREED that there shall be no cancellation or return of premium in event vessel is lost from any cause whatsoever. Such cancellation shall be without prejudice to the premiums to the premiums earned and due for the period the policy was in force. IT IS DISTINCTLY UNDERSTOOD AND AGREED that should the policy be canceled by the Assurers, such cancellation shall not prejudice the right of the Assured, in respect to lines 23 and 24 of the American Institute HULL CLAUSES (June 2, 1977) form attached hereto, it being agreed, however, that the words "expiration of the policy" in the above mentioned lines 23 and 24 shall be deemed to also mean termination by cancellation as above provided.

All returns shall be net.

Any provisions required by law to be stated in or incorporated in policies issued by any insurer subscribing hereto, shall be deemed to have been stated and incorporated herein.

IT IS FURTHER AGREED that each of the insurers will issue their individual policies in accord with the terms described herein, upon demand by the assured and /or his agent.

IT IS EXPRESSLY UNDERSTOOD AND AGREED by accepting this Subscription Policy that *POSEIDON INSURANCE SERVICES, L.L.C.* is not one of the insurers hereunder are only those underwriters or insurers whose names are shown as subscribing hereto.

In witness whereof, the insurers hereunder have caused this policy to be issued and signed by a duly authorized officer, attorney, agent or representative.

## SUBSCRIPTION COMPANIES

The Insurers And Authorized Signature

| | Amounts or % Of Insurance | | Premiums Or Rates | | Combined |
|---|---|---|---|---|---|
| | Hull | Liability | Hull | Liability | Premium |
| Federal Insurance Company through Chubb Group of Insurance Companies Policy No. 7319417 | $335,000.00 | $250,000.00 | $10,700.00 | $15,750.00 | $26,450.00 |
| TOTALS INSURED BY THIS POLICY | $335,000.00 | $250,000.00 | $10,700.00 | $15,750.00 | $26,450.00 |

By [signature]

Dated at Seattle, Washington this 18th Day of August 2003

Exhibit A
2

ROBERT J. & BARGE CO.

HULL & MACHINERY/ PROTECTION & INDEMNITY INSURANCE

SCHEDULE OF VESSELS
POLICY NO. 0041/03

April 6, 2003 to April 6, 2004

| VESSEL | LOSS PAYEE | H&M INSURED FOR VALUE AT | H&M DEDUCTIBLE | H&M RATE | H&M PREMIUM | P&I LIMIT | P&I CHARGES | TOTAL P&I PREMIUM |
|---|---|---|---|---|---|---|---|---|
| UG "Silver Bay III" | Assured & Silver Bay Logging, Inc. | $200,000.00 | $10,000.00 | 4% | $8,000.00 | $250,000.00 | Vessel $2,250.00 3 Crew @ $458.00 Per Month for 9 months $12,375.00 | $14,625.00 |
| ge "YC833" | Assured or Order | $135,000.00 | $10,000.00 | 2% | $2,700.00 | $250,000.00 | Vessel Excludes Crew $1,125.00 | $ 1,125.00 |
| AL(S) | $335,00.00 | | | | $10,700.00 | | | $15,750.00 |

As a matter of convenience, one policy is issued covering the vessels named herein, but as a Matter of construction, each vessel is to be deemed a separate insurance, separately insured, in all respects as if a separate policy for the amounts set opposite the name of each vessel were issued upon her and the policy is to be read and applied accordingly.

Exhibit A
3

Attached to and form a part of Policy As Declared ______________ of the ______________

The terms and conditions of the following clauses are to be regarded as substituted for those of the policy form to which they are attached, the latter being hereby waived, except provisions required by law to be inserted in the Policy. All captions are inserted only for purposes of reference and shall not be used to interpret the clauses to which they apply.

ASSURED

This Policy insures As Declared ______________ hereinafter referred to as the Assured. This Policy also covers the affiliated, subsidiary and interrelated companies of the Assured in whatever capacity, and Underwriters waive any right of subrogation against such companies of the Assured, provided that such waiver shall not apply in the event of a collision between the Vessel and any vessel owned, demise, chartered or otherwise controlled by any of the aforesaid companies, or with respect to any loss, damage, expense or liability against which such companies are insured. If claim is made under this Policy by anyone other than the Owner of the Vessel, such person shall not be entitled to recover to a greater extent than would the Owner, had claim been made by the Owner as an Assured named in this Policy.

LOSS PAYEE

Loss, if any payable to As Declared ______________ or order. Provided, however, Underwriters shall pay claims to others as set forth in the Collision and Tower's Liability clause and may make direct payment to persons providing security for the release of the Vessel in Salvage cases.

VESSEL

The Subject Matter of this insurance is the Vessel called the As Declared ______________ or by whatsoever name or names the said Vessel shall be called, which for purposes of this insurance shall consist of and be limited to her hull, launches, lifeboats, rafts, furniture, bunkers, stores, supplies, tackle, fittings, equipment, apparatus, machinery, boilers, refrigerating machinery, insulation, motor generators and other electrical machinery. In the event any equipment or apparatus not owned by the Assured is installed for use on board the Vessel and the Assured or any of its affiliated, subsidiary or interrelated companies has assumed liability therefor, it shall also be considered part of the Subject Matter and the aggregate value thereof shall be included in the Agreed Value. Notwithstanding the foregoing, cargo containers shall not be considered a part of the Subject Matter of this insurance. In the event that more than one Vessel is insured by this Policy, all of these clauses shall apply as though a separate policy had been issued with respect to each Vessel.

DURATION OF RISK

From the ______________ day of ______________ 19______, As Declared ______ time
To the ______________ day of ______________ 19______, As Declared ______ time.

Should the Vessel at the expiration of this Policy be at sea, or in distress, or at a port of refuge or of call, she shall, provided previous notice be given the Underwriters, be held covered at a pro rata monthly premium to her port of destination. In the event of payment by the Underwriters for Total Loss of the Vessel this Policy shall thereupon automatically terminate.

TRADING WARRANTY

Held covered in case of any breach of the warranties in this clause, provided:
(a) such event occurs without the actual privity or prior knowledge of any owner or Assured, and
(b) the Assured give immediate notice of such event to Underwriters upon becoming aware thereof, and pay additional premium as required.

DEDUCTIBLE

Notwithstanding anything in this Policy to the contrary, there shall be deducted from the aggregate of all claims (including claims under the Sue and Labor clause and claims under the Collision and Tower's Liability clause) arising out of each separate accident., the sum of As Declared ______________ unless the accident results in a Total Loss of the Vessel in which case this clause shall not apply. A recovery from other interests, however, shall not operate to exclude claims under this policy provided the aggregate of such claims arising out of one separate accident if unreduced by such recovery exceed that sum. For the purpose of this clause each accident shall be treated separately, but is it agreed that (a) a sequence of damages arising from the same accident shall be treated as due to that accident and (b) all heavy weather damage, or damage caused by contact with floating ice (if otherwise covered hereunder, which occurs during a single sea passage between two successive ports shall be treated as though due to one accident.

AGREED VALUE

The Vessel, for so much as concerns the Assured, by agreement between the Assured and the Underwriters in this Policy, is and shall be valued at As Declared ______________ Dollars.

Exhibit A
4

Dollars:

PREMIUM

The Underwriters to be paid in consideration of this insurance As Declared ______ Dollars being at the annual rate of As Declared __ per cent, which premium shall be due on attachment. If the Vessel is insured under this Policy for less than one year at pro rata of the annual rate, full annual premium shall be considered earned and immediately due and payable in the event of Total Loss of the Vessel.

RETURNS OF PREMIUM

Premium returnable as follows:

Pro rata daily in the event of termination under the Change of Ownership clause;

Pro rata daily if the Policy be cancelled by the Underwriters; Short rate will be charged if the Policy be cancelled by the Assured.

As Declared ______________ cents per cent. net for each period of 30 consecutive days the Vessel may be laid up in port without cargo on board, out of commission and not under repair for Underwriters account;

provided always that:

(a) from all cancellation or termination return premiums the same percentage of deduction (if any) shall be made as was allows by the Underwriters on receipt of the original premium;

(b) a Total Loss of the Vessel has not occurred during the currency of this Policy;

(c) in the event of any amendment of the annual rate, the above rates of return shall be adjusted accordingly.

If the Vessel is laid up (as defined above) for a period of 30 consecutive days, a part only of which attaches under this Policy, the Underwriters shall pay such proportion of the return due in respect of a full period of 30 days as the number of days attaching hereto bears to 30. Should the lay-up period exceed 30 consecutive days, the Assured shall have the option to elect the period of 30 consecutive days for which a return in recoverable.

CANCELLATION BY NOTICE

This Policy may be cancelled either by the Underwriters or by the Assured giving 15 days' written or telegraphic notice to the other. Underwriters' notice may be sent to the Assured's last known address or in care of the broker who negotiated this Policy. In the event of Total Loss of the Vessel occurring prior to any cancellation or termination of this Policy, full annual premium shall be considered earned.

ADVENTURE

Beginning the adventure upon the Vessel, as above, and so shall continue and endure during the period aforesaid, as employment may offer, in port or at sea, in docks and graving docks, and on ways, gridirons and pontoons, at all times, in all places, and on all occasions, subject to all the terms, conditions and warranties of this Policy.

PERILS

Touching the Adventures and Perils which the Underwriters are contented to bear and take upon themselves, they are of the Seas, Men-of-War, Fire, Lightning, Earthquake, Enemies, Pirates, Rovers, Assailing Thieves, Jettisons, Letters of Mart and Counter-Mart, Surprisals, Takings at Sea, Arrests, Restraints and Detainments of all Kings, Princes and Peoples, of what nation, condition or quality soever, Barratry of the Master and Mariners and of all other like Perils, Losses and Misfortunes that have or shall come to the Hurt, Detriment or Damage of the Vessel, or any part thereof, excepting, however, such of the foregoing perils as may be excluded by provisions elsewhere in the Policy or by endorsement thereon.

ADDITIONAL PERILS (INCHMAREE)

This Policy also covers loss of or damage to the Vessel directly caused by either:

(a) breakdown of motor generators or other electrical machinery and electrical connections thereto, bursting of boilers, breakage of shafts, or any latent defect in the machinery or hull, (excluding the cost and expense of replacing or repairing the defective part):

or

(b) other causes of whatsoever nature arising either on shore or otherwise

provided the loss or damage arising from those causes set forth in either (a) or (b) has not resulted from want of due diligence by the Assured, the Owners or Managers of the Vessel, or any of them.

... agreed that if the Vessel and/or her tow shall come into collision with any other ship or vessel, and the Assured and/or any of its affiliated and/or subsidiary and/or interrelated companies in consequence thereof or the Surety for any or all of them in consequence of its undertaking shall become liable to pay and shall pay by way of damages to any other person or persons any sum or sums in respect of such collision, Underwriters will pay the Assured and/or any of its affiliated and/or subsidiary and/or interrelated companies or the Surety, whichever shall have paid, such proportion of such sum or sums so paid as their subscriptions hereto bear to the Agreed Value of the Vessel, provided always that their liability in respect of any one such collision shall not exceed their proportionate part of the Agreed Value of the Vessel.

And it is further agreed that this Policy shall also cover the liability of the Vessel from any collision and/or grounding and/or stranding and/or loss or damage which may occur to any vessel or vessels or craft or their cargo and/or freight while in tow of said Vessel, subject to all the terms and conditions of the above clause.

And it is further agreed that if the Vessel and/or her tow shall come into collision or contact with any structure, floating or otherwise, or with any substance or thing other than water, or shall cause any other ship, vessel or craft to strand, ground, collide or come into contact with any substance or thing other than water, and the Assured and/or any of its affiliated and/or subsidiary and/or interrelated companies in consequence thereof or the Surety for any or all of them in consequence of its undertaking shall become liable to pay and shall pay by way of damages to any other person or persons any sum or sums in respect of any such accident, Underwriters will pay the Assured and/or any of its affiliated and/or subsidiary and/or interrelated companies or the Surety, whichever shall have paid, such proportion of such sum or sums so paid as their subscriptions hereto bear to the Agreed Value of the Vessel, provided always that their liability in respect of any one such accident shall not exceed their proportionate part of the Agreed Value of the Vessel.

In cases where the liability of the Vessel and/or her tow has been contested, or proceedings have been taken to limit liability , with the consent in writing of a majority (in amount) of the Underwriters on the Hull, Underwriters will also pay a like proportion of the costs and/or expenses which the Assured and/or any of its affiliated and/or subsidiary and/or interrelated companies shall thereby incur, or be compelled to pay; but in case of collision between two vessels when both vessels are to blame, then unless the liability of the Owners and/or Charterers and/or Operators and/or Lessees of one or both of such vessels become limited by law, claims under this clause shall be settled on the principle of cross-liabilities as if the Owners and/or Charterers and/or Operators and/or Lessees of each vessel had been compelled to pay to the Owners and/or Charterers and/or Operators and/or Lessees of the other such vessel such proportion of the latter's damages as may have been properly allowed in ascertaining the balance or sum payable by or to the Assured and/or any of its affiliated and/or subsidiary and/or interrelated companies in consequence of such collision.

It is hereby further agreed that the principles involved in the above clauses shall apply to the case where two or more the vessels or craft involved, or structure, floating or otherwise, or any substance or thing damaged are the property in whole or in part of the same Owners and/or Charterers and/or Operators and/or Lessees or are leased, controlled and/or in the custody of the same Owners and/or Charterers and/or Charterer and/or Lessees, all questions of responsibility and amount of liability being left to the decision of a single Arbitrator, if the parties can agree on a single Arbitrator, or failing such an agreement, to the decision of Arbitrators, one to be appointed by the Assured and one to be appointed by the majority (in amount) of Underwriters, the two Arbitrators chosen to choose a third Arbitrator before entering upon the reference and the decision of such single or any two of such three Arbitrators appointed as above, to be final and binding.

Provided always that this Collision and Tower's Liability clause shall in no case extend to any sum or sums which the Assured and/or any of its affiliated and/or subsidiary and/or interrelated companies and/or the Surety may become liable to pay or shall pay:

(a) for loss, damage or expense to vessel(s) in tow owned (other than vessel(s) bareboat chartered to others), bareboat chartered, managed or operated by the Assured and/or any of its affiliated and/or subsidiary and/or interrelated companies, or to cargo, owned by the Assured and/or any of its affiliated and/or subsidiary and/or interrelated companies, on board vessel(s) in tow of the Vessel; or

(b) in consequence of, with respect to, or arising out of:

(1) removal or disposal of obstructions, wrecks or their cargoes under statutory powers or otherwise pursuant to law;

(2) cargo, baggage or engagements of the Vessel;

(3) loss of life, personal injury or illness;

(4) the discharge, spillage, emission or leakage of oil, petroleum products, chemicals or other substances of any kind or description whatsoever.

Provided, further that exclusion (b)(4) shall not apply to actual physical loss of or damage to such substances (if liability therefor is otherwise covered under this Policy) except to the extent that such loss or damage arises out of any action taken to avoid, minimize or remove any discharge, spillage, emission or leakage described in exclusion (b)(4).

Exhibit A
6

General Average and Salvage shall be payable as provided in the contract of affreightment, or failing such provision or there be no contract of affreightment, payable at the Assured's election either in accordance with York-Antwerp Rules 1974 or with the Laws and Usages of the Port of San Francisco. Provided always that when adjustment according to the laws and usages of the port of destination is properly demanded by the owners of the cargo, General Average shall be paid accordingly.

In the event of salvage, towage or other assistance being rendered to the Vessel by any vessel belonging in part or in whole to the Assured and/or any of its affiliated and/or subsidiary and/or interrelated companies, the value of such services (without regard to the common ownership or control of the vessels) shall be ascertained by arbitration in the manner provided for under the Collision and Tower's Liability clause in this Policy, and the amount so awarded so far as applicable to the interest hereby insured shall constitute a charge under this Policy.

When the contributory value of the Vessel is greater than the Agreed Value herein, the liability of the Underwriters for General Average contribution (except in respect to amounts made good to the Vessel), or Salvage, shall not exceed that proportion of the total contribution due from the vessel which the Amount Insured Hereunder bears to the contributory value; and if, because of damage for which the Underwriters are liable as Particular Average, the value of the Vessel has been reduced for the purpose of contribution, the amount of such Particular Average damage recoverable under this Policy shall first be deducted from the Amount Insured Hereunder, and the Underwriters shall then be liable only for the proportion which such net amount bears to the contributory value.

SUE AND LABOR

And in case of any Loss or Misfortune, it shall be lawful and necessary for the Assured, their Factors, Servants and Assigns, to sue, labor and travel for, in, and about the defense, safeguard and recovery of the Vessel, or any part thereof, without prejudice to this insurance, to the charges whereof the Underwriters will contribute their proportion as provided below. And it is expressly declared and agreed that no acts of the Underwriters or Assured in recovering, saving or preserving the Vessel shall be considered as a waiver or acceptance of abandonment.

In the event of expenditure under the Sue and Labor clause, the Underwriters shall pay the proportion of such expenses that the Amount Insured Hereunder bears to the Agreed Value, or that the Amount insured Hereunder (less loss and/or damage payable under this Policy) bears to the actual value of the salved property, whichever proportion shall be less; provided always that their liability for such expenses shall not exceed their proportionate part of the Agreed Value.

If a claim for Total Loss is admitted under this Policy and sue and labor expenses have been reasonably incurred in excess of any proceeds realized or value recovered, the amount payable under this Policy will be the proportion of such excess that the Amount Insured Hereunder (without deduction for loss or damage) bears to the Agreed Value or to the sound value of the Vessel at the time of the accident, whichever value was greater; provided always that the Underwriters' liability for such expenses shall not exceed their proportionate part of the Agreed Value. The foregoing shall also apply to expenses reasonably incurred in salving or attempting to salve the Vessel and other property to the extent that such expenses shall be regarded as having been incurred in respect of the Vessel.

CLAIMS (GENERAL PROVISIONS)

In the event of any accident or occurrence which could give rise to a claim under this Policy, prompt notice thereof shall be given to the Underwriters, and:

(a) where practicable, the Underwriters shall be advised prior to survey, so that they may appoint their own surveyor, if they so desire;
(b) the Underwriters shall be entitled to decide where the Vessel shall proceed for docking and/or repair (allowance to be made to the Assured for the actual additional expense of the voyage arising from compliance with the Underwriters' requirement);
(c) the Underwriters shall have the right of veto in connection with any repair firm proposed;
(d) in the event of failure to comply with the conditions of this clause 15 per cent. shall be deducted from the amount of the ascertained claim;
(e) the Underwriters may take tenders, or may require in writing that tenders be taken for the repair of the Vessel, in which event, upon acceptance of a tender with the approval of the Underwriters, an allowance shall be made at the rate of 30 per cent. per annum on the Amount Insured Hereunder, for each day or pro rata part of a day, for time lost between the issuance of invitations to tender and the acceptance of a tender, to the extent that such time is lost solely as the result of tenders having been taken and provided the tender is accepted without delay after receipt of the Underwriters' approval.

Due credit shall be given against the allowances in (b) and(e) above for any amount recovered:

(1) in respect of fuel, stores, and wages and maintenance of the Master, Officers or Crew allowed in General or Particular Average;
(2) from third parties in respect of damages for detention and/or loss of profit and/or running expenses; for the period covered by the allowances or any part thereof.

No claim shall be allowed in Particular Average for wages and maintenance of the Master, Officers or Crew, except when incurred solely for the necessary removal of the Vessel from one port to another for average repairs or for trial trips to test average repairs, in which cases wages and maintenance

Exhibit A

...Vessel is under way. This exclusion shall not apply to overtime or similar extraordinary payments to the Master, officers or crew incurred in shifting the Vessel for tank cleaning or repairs or while specifically engaged in these activities, either in port or at sea.
General and Particular Average shall be payable without deduction, new for old.
The expense of sighting the bottom after stranding shall be paid, if reasonably incurred especially for that purpose, even if no damage be found.
From the cost of cleaning and painting the bottom of the Vessel (exclusive of dry dock charges) recoverable in average, there shall be deducted one-twelfth for every month since the Vessel was last painted, but no allowance shall be made for cleaning and painting on account of exposure to air unless the Vessel has been more than twenty-four hours on the dock.
In the event of loss or damage to equipment or apparatus not owned by the Assured but installed for use on board the Vessel and for which the Assured or any of its affiliated, subsidiary or interrelated companies has assumed responsibility, claim shall not exceed (a) the amount the Underwriters would pay if the Assured were owner of such equipment or apparatus, or (b) the contractual responsibility assumed by the Assured or any of its affiliated, subsidiary or interrelated companies to the owners or lessors thereof, whichever shall be less.
No claim for unrepaired damage shall be allowed, except to the extent that the aggregate damage was caused by perils insured against during the period of this Policy and left unrepaired at the expiration thereof shall be demonstrated by the Assured to have diminished the actual market value of the Vessel on that date if undamaged by such perils.

TOTAL LOSS

In ascertaining whether the Vessel is a construction Total Loss the Agreed Value shall be taken as the repaired value and nothing in respect of the damaged or break-up value of the Vessel or wreck shall be taken into account.
There shall be no recovery for a constructive Total Loss hereunder unless the expense of recovering and repairing the Vessel would exceed the Agreed Value. In making this determination, only expenses incurred or to be incurred by reason of a single accident or sequence of damages arising from the same accident shall be taken into account, but expenses incurred prior to tender of abandonment shall not be considered if such are to be claimed separately under the Sue and Labor clause.
In the event of Total Loss (actual or constructive), no claim to be made by the Underwriters for freight, whether notice of abandonment has been given or not.
In no case shall the Underwriters be liable for unrepaired damage in addition to a subsequent Total Loss sustained during the period covered by this Policy.

CHANGE OF OWNERSHIP

In the event of any change, voluntary or otherwise, in the ownership of the Vessel, or if the Vessel be placed under new management or be chartered on a bareboat basis (other than a transfer or charter between the Assured and/or any of its affiliated and/or subsidiary and/or interrelated companies), or if the Vessel be requisitioned on a bareboat basis, then, unless the Underwriters agree thereto in writing, this Policy shall automatically terminate at the time of such change of ownership or management or requisition; provided however, that if the Vessel has cargo on board and has already sailed from her loading port, or is at sea in ballast, such automatic termination shall, if required, be deferred until arrival at final port of discharge if with cargo, or at port of destination if in ballast.
This insurance shall not inure to the benefit of any transferee of the Vessel and, if a loss payable hereunder should occur between the time of change or transfer and any deferred automatic termination, the Underwriters shall be subrogated to all the rights of the Assured against the transferee in respect of all or part of such loss as is recoverable from the transferee, and in the proportion which the Amount Insured Hereunder bears to the Agreed Value.

ADDITIONAL INSURANCES

Privilege is hereby granted to insure Excess or Increased Value of the Vessel or other Policy Proof of Interest, Full Interest Admitted insurances to an amount not exceeding 25% of the Agreed Value of the Vessel; and privilege is granted to insure, in addition, Voyage Freight and/or Charter Hire for an estimated amount at risk, provided such Voyage Freight and/or Charter Hire is not insured Policy Proof of Interest or Full Interest Admitted.

Exhibit A
8

[illegible] EXCLUSIONS

The following conditions shall be paramount and shall supersede and nullify any contrary provisions of the Policy.

This Policy does not cover any loss, damage or expense caused by, resulting from, or incurred as a consequence of:

(a) Capture, seizure, arrest, restraint or detainment, or any attempt thereat; or

(b) Any taking of the Vessel, by requisition or otherwise, whether in time of peace or war and whether lawful or otherwise, or

(c) Any mine, bomb or torpedo not carried as cargo on board the Vessel; or

(d) Any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter; or

(e) Civil war, revolution, rebellion, insurrection, or civil commotions, riots, martial law, military or usurped power, or

(f) Strikes, lockouts, political or labor disturbances, civil commotions, riots, martial law, military or usurped power; or

(g) Malicious acts or vandalism, unless committed by the Master or Mariners and not excluded elsewhere under this War Strikes and Related Exclusions clause; or

(h) Hostilities or warlike operations (whether there be a declaration of war or not) but this subparagraph (h) not to exclude collision or contact with aircraft, rockets, or similar missiles, or with any fixed or floating object, or stranding, heavy weather, fire or explosion unless caused directly by a hostile act by or against a belligerent power which act is independent of the nature of the voyage or service which the Vessel concerned or, in the case of a collision, any other vessel involved therein, is performing. As used herein, "power" includes any authority maintaining naval, military or air forces in association with a power.

If war risks or other risks excluded by this clause are hereafter insured by endorsement on this Policy, such endorsement shall supersede the above conditions only to the extent that the terms of such endorsement are inconsistent therewith and only while such endorsement remains in force.

Exhibit A

ENDORSEMENT

**EFFECTIVE INCEPTION DATE**

**NO.1**

**CREW**

Warranted the number of crew insured hereunder shall not exceed (SEE FACE PAGE) with additional crew held covered provided prompt notice is given to underwriters and an additional premium is paid.

**PUNITIVE DAMAGE**

Warranted free from any claims in respect of punitive or exemplary damages absolutely.

**EXCESS COLLISION/ GENERAL AVERAGE/ SALVAGE/ SUE& LABOR AND TOWER'S LIABILITY**

In consideration of the premium charged, it is hereby understood and agreed that this policy covers Excess Collision, General Average, Salvage, Sue & Labor and Tower's Liability as per the Pacific Coast Tug & Barge Form (1979).

Limit of Liability: The difference between Hull value insured hereunder and $500,000.00.

The Company's liability hereunder shall not exceed $500,000.00 per vessel.

The deductible provision under this policy shall not apply to the Excess Liability coverage granted by this clause.

**MARITIME LIEN FOR UNPAID PREMIUM AND COMMISSION**

Underwriters and Poseidon Insurance Services L.L.C. in agreeing to arrange and issue this insurance, continue to rely in part on the credit of each and every vessel insured hereunder. No provision contained herein shall be construed as a manifestation of Underwriter's or Broker's intent to forgo their right to enforce a maritime lien against said vessel(s), but on the contrary, expressly reserve that right.

Further it is agreed that any unpaid and due premiums and/or commissions under this policy may first be deducted from any and all returns and any and all claims for loss or damage that are recoverable under this policy. And such sums are to be paid to Underwriters and Poseidon Insurance Services L.L.C. proportionately as their respective interest in said premiums and commissions shall appear.

Attached to and made part of POLICY NO. 0041/03

| | |
|---|---|
| Issued to | Robert J. & Barge Co. |
| By the | COMPANIES NAMED HEREIN |
| Seattle, Washington | August 18, 2003 |

Poseidon Insurance Services L.L.C.

Exhibit B

EFFECTIVE August 8, 2003

In consideration of an Additional Premium of $5,153.00 It Is Hereby Understood And Agreed the vessel schedule hereunder is amended to include:

Loss Payee: Assured or Order

Upon: M/V "Helen A"

For an amount of Hull & Machinery: $50,000.00 Valued at $50,000.00

Deductible: Hull & Machinery $10,000.00

Crew Warranty: Three Crew Two Months

It Is Further Understood And Agreed full annual premium at the rate of 5.00% guaranteed underwriters in the event of a total &/or constructive total loss with respects addition of this vessel.

| The Insurers | % Hereto | Policy No. | Additional Premium | Signature |
|---|---|---|---|---|
| Federal Insurance Company Through Chubb Group | 100% | 7319417 | H&M $1,650.00<br>P&I $3,350.00 | [signature] |

TOTAL ADDITIONAL PREMIUM $5,153.00

The forgoing provisions of this Endorsement shall under no circumstances be deemed or construed to limit, diminish or qualify coverages otherwise afforded under the (subject) policy.

ALL OTHER TERMS AND CONDITIONS REMAINING UNCHANGED.

Attached to and made part of POLICY NO. 0041/03

Issued To Robert J & Barge Co.

By the COMPANIES NAMED HEREIN

Prepared By: Poseidon Insurance Services L.L.C.
At Seattle, Washington September 3, 2003

Exhibit B
2

No. 3

EFFECTIVE August 13, 2003

It Is Hereby Understood And Agreed the M/V "Helen A" sank and became a total loss on/about August 13, 2003.

Per paragraph two Endorsement No. 2 hereunder an additional premium of $850.00 is charged.

In consideration of a return premium of $1,050.00 It Is Further Understood And Agreed premium for crew coverage for one month is allowed.

| The Insurers | % Hereto | Policy No. | Additional/ Return Premium | Signature |
|---|---|---|---|---|
| Federal Insurance Company Through Chubb Group | 100% | 7319417 | H&M $ 850.00<br>P&I $1,050.00 | [signature] |

TOTAL RETURN PREMIUM $ 200.00

The forgoing provisions of this Endorsement shall under no circumstances be deemed or construed to limit, diminish or qualify coverages otherwise afforded under the (subject) policy.

ALL OTHER TERMS AND CONDITIONS REMAINING UNCHANGED.

Attached to and made part of POLICY NO. 0041/03

Issued To Robert J & Barge Co.

By the COMPANIES NAMED HEREIN

Prepared By: Poseidon Insurance Services L.L.C.
At Seattle, Washington October 11, 2003

Exhibit B
3